OPINION
Defendant-appellant Jonathan Robbins appeals the October 22, 1997 Judgment Entry of the Licking County Court of Common Pleas which denied his Petition for Post-Conviction Relief. The Plaintiff-appellee is the State of Ohio.[1]
 STATEMENT OF THE CASE
In 1993, appellant was convicted following a jury trial on five counts of permitting drug abuse, three counts of complicity to aggravated trafficking in drugs, and one count of aggravated trafficking in drugs. All counts contained a prior drug abuse specification.
Appellant appealed his convictions to this Court. We affirmed appellant's convictions and sentence in State v. Robbins
(April 29, 1994), Licking Appeal No. 93CA30, unreported. This Court subsequently granted appellant's application for reopening of that appeal. Following reopening, we again affirmed appellant's convictions and sentence in State v. Robbins (June 12, 1996), Licking Appeal No. 93CA30, unreported.
On September 24, 1996, appellant filed a Motion for Post-Conviction Relief or, In the Alternative, Motion for New Trial based upon newly discovered evidence. The trial court denied the motion(s) without hearing. This Court affirmed the trial court's dismissal of that appeal in State v. Robbins (March 19, 1997), Licking Appeal No. 96CA140, unreported.
On December 16, 1996, appellant filed the instant Petition for Post-Conviction Relief due to newly discovered evidence based upon an allegation of ineffective assistance of trial counsel in not investigating and subpoenaing his co-defendant as a witness on his behalf. The trial court denied appellant's petition without hearing. Upon appeal, this Court reversed and remanded the matter for an evidentiary hearing. State v. Robbins (July 24, 1997), Licking Appeal No. 97CA16, unreported. The trial court conducted an evidentiary hearing on August 26, 1997. Following the filing of post-hearing briefs by both parties, the trial court issued its Memorandum of Decision on October 22, 1997, denying appellant's petition.
It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANTS [SIC] PETITION FOR POST-CONVICTION RELIEF BASED ON SUPPOSITIONS FROM THE STATES [SIC] RESPONSE TO DEFENDANTS [SIC] POST-HEARING BRIEF BECAUSE ALL OF THE FACTS, AND PRECEDENT LAW, REQUIRED GRANTING HIM RELIEF IN THIS PARTICULAR CASE.
We begin by noting this Court assigned this case to the accelerated calender at appellant's request via Judgment Entry filed April 8, 1998. Pursuant to App.R. 11(E) the statement of the reasons for the Court's decision as to each error may be in brief and conclusory form.
We have reviewed the record, in particular, the transcript of the evidentiary hearing on August 26, 1997. Based upon the testimony of Kristin Burkett, appellant's trial counsel, we conclude the trial court had before it sufficient, competent evidence with which to find the testimony of Joseph Wilmo Smith, appellant's co-defendant, incredible as it relates to: 1) his pre-trial conversation with Ms. Burkett, during which he allegedly provided her with exculpatory evidence regarding appellant's involvement in the drug transaction; and 2) his account of the incident itself. We find not only has appellant failed to demonstrate Ms. Burkett's representation fell below an objective standard of reasonableness, but also that there was a reasonable probability the outcome of the trial would have been different had Smith testified in light of his lack of credibility as determined by the trial court.
Appellant's assignment of error is overruled.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellee has not filed a Brief in this appeal.